

1   Anthony S. Petru, Esq.
    California State Bar No. 91399
2   HILDEBRAND, McLEOD & NELSON, INC.
    Westlake Building
3   350 Frank H. Ogawa Plaza, Fourth Floor
    Oakland, CA  94612-2006
4   TEL:   (510) 451-6732
    FAX:   (510) 465-7023
5
    J. D. Sullivan, Esq.
6   Nevada State Bar No. 5516
    SULLIVAN LAW OFFICES
7   1650 North Lucerne Street, Suite 201
    Minden, NV  89423
8   TEL:   (775) 782-6915
    FAX:   (775) 782-3439
9
    Attorneys for Plaintiff
10  DENNIS WAYNE LIBRO

11

12

13          IN THE UNITED STATES DISTRICT COURT

14              FOR THE DISTRICT OF NEVADA

15

16  DENNIS WAYNE LIBRO,                    )    CASE NO. CV-N-00-0603-ECR (RAM)
                                           )
17          Plaintiff,                     )    **PLAINTIFF' S OPPOSITION TO**
                                           )    **DEFENDANT'S MOTION TO**
18  vs.                                    )    **DISMISS PLAINTIFF'S SECOND**
                                           )    **CAUSE OF ACTION**
19  UNION PACIFIC RAILROAD                 )
    COMPANY, a corporation,                )
20                                         )
            Defendant.                     )
21  ───────────────────────────────────────)

                            **I**

22  **DEFENDANT IS RE-BRIEFING ISSUES THAT THE PARTIES HAVE ALREADY**
          **ARGUED AND THAT THE COURT HAS ALREADY DECIDED**
23

24          The issues raised in defendant's Motion to Dismiss have already been thoroughly

25  briefed by the parties and decided by the Court.   Yet, defendant UNION PACIFIC is now

26  attempting to make an end-run around the Court's findings and orders that permit plaintiff to

27  present to the jury his SAA claim. By this motion, defendant ignores the findings in the Court's

28



HILDEBRAND, McLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

1  Orders, without presenting any new facts or new law.

2        **A.    The Court Has Determined That Plaintiff's SAA Cause**
3               **Of Action Relates Back To His FELA Claim Pled In the Original**
               **Complaint; There Is No Statute of Limitations Issue**
4
5               On January 23, 2002, the Court granted plaintiff's Motion To File Amended Complaint

6  to set forth a Safety Appliance Act, "SAA," 49 U.S.C. § 20301 *et seq*,, violation.   In pertinent

7  part, the Court issued the following findings:

8               Through investigation of Plaintiff's railway accident, Defendant has
               knowledge of the circumstances surrounding Plaintiff's SSA [sic] claim.
9               **The circumstances giving rise to the SSA [sic] claim are not**
               **substantially unrelated to the FELA claim.**  In this instance, Defendant
10              is not forced to adopt a different line of defense or conduct *substantial*
               additional discovery. [Citation]
11              Additionally, even if some prejudice may result, given the
               underlying purpose of Rule 15(a) to "facilitate decisions on the merits
12              rather than on the pleadings or technicalities," [citation] the prejudice is
               slight so as to be outweighed by the interests of reaching the merits of
13              Plaintiff's claim.
               . . . **Plaintiff has set forth sufficient facts to establish that his**
14              **SSA [sic] claim should be tested on the merits.**
15
16  (See attached hereto as **Exhibit 1** the Court's Order of January 23, 2002, at 4:5-9, 4:10-13, 4:17-

17  18;  emphasis added.)

18
19              There is no statute of limitations issue here, because a fundamental rule of pleading is

20  that, "An amendment of a pleading relates back to the date of the original pleading when . . . the

21  claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set

22  forth or attempted to be set forth in the original pleading."  F.R.C.P. 15(c)(2).  The Court pointed

23  out that "The circumstances giving rise to the SSA claim are not substantially unrelated to the

24  FELA claim."  (Court's Order of January 23, 2003, at 4:6-7.)  The FELA claim, to which the SAA

25  claim relates, was timely filed November 17, 2000—within three years of January 4, 1998, the date

26  of the injury.  45 U.S.C. § 56.

27
28              Moreover, plaintiff brought his action under the SAA in his original complaint on page

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

1   1, at lines 21 and 22 (**Exhibit 2**), but neglected to set forth the specific underlying facts of the

2   claim.  The purpose of amending the complaint was to perfect the pleadings.  Defendant's claim

3   that it only became aware of the SAA claim after the statutory period ran, is utterly specious.  As

4   the Court noted in its Order, **"Through investigation of Plaintiff's railway accident,**

5   **Defendant has knowledge of the circumstances surrounding Plaintiff's SSA [sic] claim."**

6   (**Exhibit 1** at 4:5-9)  Defendant has always known that the only reason plaintiff and his crew

7

8   moved the railcar into the siding was an airbrake hose had become uncoupled while the train was in

9   transit.  As a railroad covered by the FELA, defendant knows a defective airbrake hose or airbrake

10  system is a violation of the Safety Appliance Act.

11

12              **B.      The Court Found That Plaintiff Would Not Have Been Injured**
                          **On the Switch, But For the Failure of the Safety Appliance**

13          Again, defendant regurgitates arguments already heard and decided by the Court when it

14  contends the SAA claim does not involve the switch.  On February 21, 2003, the Court denied

15  defendant's Motion for Summary Judgment seeking in part to dismiss plaintiff's SAA.  From the

16  Bench, the Court issued the following findings:

17

18                  In this case the train went into an emergency stop, it was rolling
            down the main line, and it turned out that this was because of a failure of
19          the braking apparatus on one of the cars.
                    The brake failure occurred on the main line, as opposed to in the
20          maintenance facility or on the run-around track.
                    The failure occurred at the time the train was proceeding to its
21          destination, it was moving.
                    The moving locomotive clearly made it a train that was "in use" for
22          the purposes of FSAA, citing <u>United States v. Seaboard Airline Railroad</u>
            <u>Company,</u> 361 U.S. 78, 81 (1959)
23          * * * * * * *
                    Since this is a FELA case, we applied a relaxed causation standard
24          of FELA, therefore, the court finds that Mr. Libro can meet the causation
            element if the brake failure played any part in causing his injury.
25                  <u>Wilson v. Union Pacific Railroad</u>, 56 f.3d 1226, 1230, (10th Cir.
            1995), the test appears to be met in this case.
26                  The case is very much like the <u>Wilson</u> case.

27

28

                                              3

I think it is from my viewpoint as likely that the person would step in a hole or would try to do something else with regard to the failure of the appliance, I don't see much difference between mr. wilson's stepping in the hole and injuring himself as opposed to Mr. Libro adjusting the switch, or trying to adjust the switch as to get the malfunctioning car off the main line and get it on to the run-around.

**It's a but for type of test, and it appears to the court that Mr. Libro would not have been injured but for the failure of the appliance.**

That is not to discount the arguments of counsel, which are well made, and that is there are some limits on what can happen here, but it does appear that the plaintiff was engaged in activities which related to the failure of the appliance, and had not entered on to other activities.

It does appear to be within the risk created by the defect. The car brake fails and something has to be done about it.

(See attached hereto as **Exhibit 3** the Court hearing transcript of February 21, 2003 at 44:23-25, 45:1-10, 45:14-25, 46:1-16; emphasis added.)

Under the "law of the case" doctrine, plaintiff's motion should fail as the Court has already decided the issues defendant raises, in two separate motions: plaintiff's Motion To Amend the Complaint and defendant's Motion for Summary Judgment. Defendant fails to make the necessary showing to justify a reconsideration: i.e., that (1) the Court's decisions were clearly erroneous, (2) an intervening change in the law has occurred, (3) the evidence defendant now presents is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. Mendenhall v. National Transp. Safety Bd. 213 F.3d 464, 469 (9th Cir. 2000) Since the Court's order denying defendant's motion for summary judgment, there have been no substantial changes in the evidence presented in the motion. Defendant is merely attempting to put a different spin on the same set of facts.

On February 21, 2003, the Court found there were sufficient issues of material facts for the jury as to, both, the FELA and SAA claims. In its current motion, defendant downplays the salient fact that the train went into an automatic emergency stop because the air brake system failed—a recognized SAA violation. Grogg v. Missouri Pacific RR Co., 841 F.2d 210 (8th

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

1 | Cir.1988);  see 49 U.S.C. § 20302(a)(5)

2

**II**

3 | **DEFENDANT'S MOTION IS UNTIMELY**

4 | The deadline to file dispositive motions was May 23, 2002.  See Court's Order, filed

5 | January 23, 2002, **Exhibit 3**.  Defendant filed its motion to dismiss over fifteen months after the

6 | cut off date, near the time of trial.

7

**III**

8 | **CONCLUSION**

9 | For the foregoing reasons, plaintiff respectfully requests that the Court deny

10 | defendant's motion to dismiss plaintiff's Second Cause of Action.

11 | DATED:    September 5, 2003

12 | HILDEBRAND, McLEOD & NELSON, INC.
    350 Frank H. Ogawa Plaza, 4th Floor
13 | Oakland, CA  94612-2006

14

15 | By: _____

16 | ANTHONY S. PETRU, ESQ.
    Attorneys for Plaintiff
17 | DENNIS W. LIBRO

18

19

20

21

22

23

24

25

26

27

28

HILDEBRAND, McLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732

FILED

02 JAN 23 PM 3:54

LANCE S. WILSON
CLERK

BY _____
DEPUTY

U.S. DISTRICT
DISTRICT OF
ENTERED

JAN 24 '02

CLERK, U.S. DISTRICT COURT

DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

DENNIS WAYNE LIBRO,                    )        CV-N-00-603-ECR (RAM)
                                       )
                Plaintiff,             )
                                       )        ORDER
        vs.                            )
                                       )
UNION PACIFIC RAILROAD                 )
COMPANY, a corporation,                )
                                       )
                Defendant.             )
_____)

Before the court is Plaintiff's Motion to File a First Amended Complaint (Doc. #14). Defendant has opposed the motion (Doc. #15), and Plaintiff has replied (Doc. #16). For the reasons discussed below, Plaintiff's motion should be granted.

## BACKGROUND

Plaintiff's original complaint in this action was filed November 17, 2000 (Doc. #1). The Complaint asserts that federal jurisdiction exists under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, and the Federal Safety Appliance Act (SAA), 49 U.S.C. § 20301 *et seq.* However, the Complaint fails to state a cause of action arising under the SAA. The allegations in the Complaint are consistent with a personal injury claim arising under the FELA.

Defendant filed its answer on December 8, 2000 (Doc. #8). Thereafter, the parties entered a joint discovery plan and scheduling order on February 5, 2001 (Doc. #13). The discovery plan, as adopted by the court, required motions to amend the pleadings be filed no later than ninety days prior to the close of discovery, or by August 23, 2001. (*Id.*). Plaintiff's Motion to Amend, dated October 23, 2000, comes before the court two months after the discovery plan's cutoff date. The Amended

EXHIBIT 1

8

1   Motion would allege a second cause of action arising under the SAA (Doc. #14, ex. 1). Defendant

2   has opposed the amendment as untimely and prejudicial (Doc. #15).

## DISCUSSION

4       Federal Rule of Civil Procedure 15(a) provides that a party may amend their complaint once

5   "as a matter of course" before a responsive pleading is served, after that the "party may amend the

6   party's pleading only by leave of court or by written consent of the adverse party and leave shall be freely

7   given when justice so requires." Fed. R. Civ. P. 15(a). Thus "after a brief period in which a party may

8   amend as of right," leave to amend lies "within the sound discretion of the trial court." *United States*

9   *v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). In exercising its discretion "a court must be guided by the

10  underlying purpose of Rule 15– to facilitate decisions on the merits rather than on the pleadings or

11  technicalities." *Id.* "Rule 15's policy of favoring amendments to pleadings should be applied with

12  'extreme liberality.'" *Id.* (citing *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406 (9th Cir. 1960) (per

13  curium)).

14      This liberality in granting leave to amend is, however, subject to the qualification that

15  amendment of the complaint does not cause the opposing party undue prejudice, is not sought in bad

16  faith, and does not constitute an exercise in futility. *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d

17  789, 799 (9th Cir. 2001) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). Defendant has

18  challenged the request for leave to amend on the grounds of prejudice and futility.

19      With respect to the claim of prejudice, Defendant asserts that the delay associated with the

20  proposed amendment to the Complaint would be unduly prejudicial in that allowing a new claim would

21  require additional discovery. Additional discovery requires the time and expenses associated with

22  additional depositions and the retention of new experts. A delay of proceedings also has a prejudicial

23  effect, Defendant argues, in that memories fade and employee witnesses retire. Defendant's Opposition

24  at 7.

25      Undue delay and prejudice are "the most commonly cited [factors] for denying leave to amend."

26  *United States v. Truckee-Carson Irrigation Dist.*, 107 F.R.D. 377, 381 (D. Nev. 1985). While delay alone

27  is generally insufficient to justify a denial, *Webb*, 655 F.2d at 979, when coupled with undue prejudice

28  2

**EXHIBIT _L_**

1    to the opposing party, granting leave to amend is improper. "Undue prejudice," as noted by the court

2    in *Truckee-Carson Irrigation District*, " has been found where the plaintiff based an amendment on an

3    alternate theory after plaintiff's original claim failed to survive a motion for summary judgment, where

4    the plaintiff raised an entirely new issue in a postjudgment motion to amend, and where the amended

5    claim necessitated extensive additional discovery." *Truckee-Carson Irrigation Dist.*, 107 F.R.D. at 381

6    (citations omitted). Similarly, in *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 (9th

7    Cir. 1999), the court held that "[a] need to reopen discovery and therefore delay the proceedings,"

8    where the plaintiff's motion to amend came several months after the stipulated deadline for amending

9    the complaint, "support[ed] a district court's finding of prejudice from a delayed motion to amend the

10   complaint." *Id.* at 986. *But see Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) ("The mere

11   fact that an amendment is offered late in the case is, however, not enough to bar it; amendments may

12   be offered at the trial, or even after reversal and remand.") (quoting 3 Moore's Federal Practice §§

13   15.08, 0.835).

14          In this case the motion to amend was filed on October 23, 2001, two months after the stipulated

15   discovery plan's cutoff date of August 23, 2001. The stipulated cut-off date for discovery was November

16   20, 2001. *See* Joint Discovery Plan ¶ 1. Defendants assert that discovery would undoubtedly need to

17   be reopened were the court to allow Plaintiff to amend his complaint to now include a claim under the

18   SSA. The court does not question Defendant's contention that additional discovery would be required.

19          Certainly some prejudice to a party exists from reopening discovery and delaying the

20   proceedings. Prejudice against a defendant is most clearly apparent when she is forced to defend against

21   new and distinct claims requiring extensive discovery when such claims are brought on the eve of trial.

22   *See Truckee-Carson Irrigation Dist.*, 107 F.R.D. at 382; *United States v. Pend Oreille Public Utility Dist.*

23   *No. 1*, 28 F.3d 1544, 1552-53 (9th Cir. 1994). However, where the new claims arise out of the same

24   set of circumstances and facts giving rise to the original claims, the existence of prejudice is reduced.

25   *See Howey*, 481 F.2d at 1191. In *Howey*, the court, in reversing the district court's denial of leave to

26   amend, recognized that any preparation of a defense against the plaintiff's negligence claim necessarily

27

28                                                           3

EXHIBIT 1

1   included a factual and legal investigation covering the same area which was the focus of the amended

2   claim. *See id.* As a result, no prejudice existed justifying the lower court's denial.

3        Here, the court views Plaintiff's request for leave to amend more akin to the circumstances

4   present in *Howey* than those existing in, for example, *Lockheed Martin* or *Truckee-Carson Irrigation*

5   *District*. Through investigation of Plaintiff's railway accident, Defendant has knowledge of the

6   circumstances surrounding Plaintiff's SSA claim. The circumstances giving rise to the SSA claim are

7   not substantially unrelated to the FELA claim. In this instance, Defendant is not forced to adopt a

8   different line of defense or conduct *substantial* additional discovery. *Compare Pend Oreille Public Utility*,

9   28 F.3d at 1552-53.

10       Additionally, even if some prejudice may result, given the underlying purpose of Rule 15(a) to

11  "facilitate decisions on the merits rather than on the pleadings or technicalities," *Webb*, 655 F.2d at

12  979, the prejudice is slight so as to be outweighed by the interests of reaching the merits of Plaintiff's

13  claim.

14       Second, Defendant asserts that amendment would be futile as Plaintiff cannot state a viable

15  claim under the SSA. The court disagrees. While the parties have argued at length why an SSA claim

16  is or is not viable, if a colorable claim exists the court must not deny leave to amend on the basis of

17  futility alone. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987). Plaintiff has set

18  forth sufficient facts to establish that his SSA claim should be tested on the merits. *Forman v. Davis*,

19  371 U.S. 178, 182 (1962) (holding that where the underlying facts or circumstances of a case "may be

20  a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the

21  merits.").

22  ///

23  ///

24  ///

25  ///

26  ///

27

28                         4

**EXHIBIT 1**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to File a First Amended Complaint (Doc. #14) is **GRANTED**. The Discovery Plan and Scheduling Order shall be amended as follows:

1. The discovery cutoff date shall be ninety (90) days from the date of this order, or **April 23, 2002.**

2. Disclosure respecting expert witnesses shall be made sixty (60) days before the discovery cutoff date, or **February 22, 2002.** Disclosures respecting rebuttal experts shall be made thirty (30) days after the initial disclosure of experts, or **March 25, 2002.**

3. Dispositive motions shall be filed no later than thirty (30) days after the discovery cutoff date, or **May 23, 2002.**

4. The joint pretrial order shall be filed no later than thirty (30) days after the date set for filing dispositive motions, or **June 23, 2002.** In the event a dispositive motion is filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision on the dispositive motion.

DATED:    January 23, 2002.

_____
UNITED STATES MAGISTRATE JUDGE

5

**EXHIBIT** ⁄

1  Milos Terzich, Esq., Nevada State Bar No. 1668
   TERZICH & JACKSON, LTD.
2  1470 Highway 395                                    CV-N-00-0603-ECR-RAM
   Post Office Box 1210
3  Gardnerville, Nevada 89410-1210
   Telephone:  (702) 782-3877
4
   Attorneys for Plaintiff
5  DENNIS WAYNE LIBRO

6

7

8                    UNITED STATES DISTRICT COURT

9                    DISTRICT OF NEVADA - RENO

10

11  DENNIS WAYNE LIBRO,              )    CASE NO.
                                     )
12              Plaintiff,           )    **COMPLAINT FOR DAMAGES**
                                     )    (Personal Injury - F.E.L.A.)
13  vs.                              )
                                     )    **DEMAND FOR JURY TRIAL**
14  UNION PACIFIC RAILROAD           )
    COMPANY a corporation,           )
15                                   )
                Defendant.           )
16  _____)

17

18      Plaintiff, DENNIS WAYNE LIBRO, complains of defendant, UNION PACIFIC

19  RAILROAD COMPANY, a corporation, and alleges:

20                        **JURISDICTION AND VENUE**

21      This action for personal injuries and wrongful death is brought under the Federal

22  Employers Liability Act and Federal Safety Appliance Act, 45 U.S.C. §§ 51 *et seq.*, and 49 U.S.C.

23  §§ 20301 *et seq.*  As such, this Court has jurisdiction of these matters.  Further, this action is

24  properly venued in the District of Nevada.

25                        **FIRST CAUSE OF ACTION**

26                                    I.

27      That at all times herein mentioned, defendant UNION PACIFIC RAILROAD

28  COMPANY, ("UPRR"), was a duly organized and existing corporation doing business in the State

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
414 THIRTEENTH STREET
OAKLAND CALIFORNIA 94612-2603
(510) 451-6732

**EXHIBIT 2**

1    COMPLAINT FOR DAMAGES
     DEMAND FOR JURY TRIAL

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
414 THIRTEENTH STREET
OAKLAND CALIFORNIA 94612-2603
(510) 451-6732

1 of Nevada, and other states, and that defendant was at all times herein mentioned, and now is,

2 engaged in the business of a common carrier by railroad in interstate commerce in said State of

3 Nevada, and other states.

**II.**

5      That at all times herein mentioned, defendant was a common carrier by railroad engaged

6 in interstate commerce, and DENNIS WAYNE LIBRO was employed by defendant in such

7 interstate commerce, and the injuries complained of arose while plaintiff was performing duties in

8 the furtherance of, or affecting, interstate commerce.

**III.**

10      Plaintiff is a resident of the State of Nevada.

**IV.**

12      That this action is brought under, and by virtue of, the provisions of the Federal

13 Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.*

**V.**

15      That on January 4, 1998, in Elko, Nevada, plaintiff was working in the course and scope

16 of his employment; that plaintiff was engaged in the work duties of as a train conductor; that

17 defendant owed to plaintiff the duties of exercising ordinary care to provide plaintiff with a

18 reasonably safe place in which to work, to provide plaintiff with reasonably safe tools and

19 equipment for the performance of said work, to institute and oversee reasonable and safe

20 procedures and methods for the performance of said work and for the movement of trains onto

21 secured side tracks, to inspect and maintain its track switches and to ensure said switches are in a

22 proper and safe condition for switching; that defendant, UNION PACIFIC RAILROAD

23 COMPANY, a corporation, through its agents, servants, and employees, other than plaintiff,

24 carelessly and negligently failed in its aforesaid duties in that it placed, or caused to be placed, a

25 spike in a track switch plaintiff was required to throw, without any warning thereof; that

26 consequently, as plaintiff threw the switch it unexpectedly jerked to a stop before the throw was

27 completed because of the placement of the spike, causing him to suddenly halt in mid-motion,

28 thereby causing him to suffer the injuries hereinafter set forth.

**EXHIBIT** _2_

2

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL

**VII.**

That as a direct result of the negligence herein above set forth of defendant, plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and received the following personal injuries, to wit:  severe injury to his back; and extreme pain and suffering and a severe shock to plaintiff's nervous system.

**VIII.**

That as a further direct result of the negligence herein above set forth of defendant, plaintiff was forced to and did incur indebtedness for the services of duly licensed physicians and surgeons, for x-rays, medicines, appliances, hospitalization, and household care in the sum as yet unascertainable, and that when said amounts are ascertained, plaintiff will pray leave of court to insert said sums as the reasonable value of said services and hospitalization.

**IX.**

That by reason of the facts hereinabove stated and the injuries caused plaintiff thereby, plaintiff was deprived of his earning power to his damage in an amount as yet unascertained and that when said sum is ascertained, plaintiff will pray leave of court to insert said sum as the reasonable value of said loss of service.

**WHEREFORE,** plaintiff prays for judgment against defendant UNION PACIFIC RAILROAD COMPANY for general damages, for such special damages according to proof as may hereinafter be ascertained, for his costs of suit incurred herein, and for such other relief as the Court may deem proper.

DATED:  November __17__, 2000

TERZICH & JACKSON, LTD.


By: _____
    MILOS TERZICH, ESQ.
    1470 Highway 395
    P.O. Box 1210
    Gardnerville, NV  89410
    Attorneys and Co-counsel for Plaintiff
    DENNIS WAYNE LIBRO

## EXHIBIT 2

COMPLAINT FOR DAMAGES
DEMAND FOR JURY TRIAL

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
444 THIRTEENTH STREET
OAKLAND, CALIFORNIA 94612-2603
(510) 451-6732

3

## DEMAND FOR TRIAL BY JURY

1

2       COMES NOW plaintiff, DENNIS WAYNE LIBRO, by and through his attorneys,

3 hereby demands trial by jury of the within action.

4 DATED: November 17th, 2000

5                     TERZICH & JACKSON, LTD.

6

7               By: _____

                  MILOS TERZICH, ESQ.

8                 1470 Highway 395

                P.O. Box 1210

9                 Gardnerville, NV 89410

                Attorneys and Co-Counsel for Plaintiff

10                 DENNIS WAYNE LIBRO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILDEBRAND, MCLEOD & NELSON, INC.
ATTORNEYS AT LAW
411 THIRTEENTH STREET
OAKLAND CALIFORNIA 94612-2603
(510) 451-6732

EXHIBIT 2

                4         COMPLAINT FOR DAMAGES
                            DEMAND FOR JURY TRIAL

ORIGINAL

1              UNITED STATES DISTRICT COURT

2                DISTRICT OF NEVADA

3   BEFORE THE HONORABLE EDWARD C. REED, JR., DISTRICT JUDGE

4                  ---oOo---

5

6   DENNIS WAYNE LIBRO,       )
                        )
7                     )   NO. CV-N-00-603-ECR(RAM)
             PLAINTIFF,  )
8                     )   FEBRUARY 21, 2003
                     )
9        -VS-          )   RENO, NEVADA
                     )
10  UNION PACIFIC RAILROAD   )
   COMPANY,              )
11                     )
             DEFENDANT.  )
12  _____)

13     MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE

14

15  APPEARANCES:

16  FOR THE PLAINTIFF:       ANTHONY PETRU, ESQUIRE
                      OAKLAND, CALIFONRIA

17  FOR THE DEFENDANT:       SUELLEN FULSTONE, ESQUIRE
18                      RENO, NEVADA

19

20  REPORTED BY:           CATHY M. WORKEN, CCR, RPR
21                      OFFICIAL COURT REPORTER
                      400 SOUTH VIRGINIA STREET
22                      RENO, NEVADA 89501
                      (775) 324-6777
23

24          COMPUTER-ASSISTED TRANSCRIPTION
25

EXHIBIT 3

44

1    THE PURPOSE OF THIS "IN USE" REQUIREMENT IS TO

2  GIVE RAILCAR OPERATORS THE OPPORTUNITY TO INSPECT FOR AND

3  CORRECT SAFETY APPLIANCE DEFECTS BEFORE FSAA EXPOSES THE

4  OPERATORS FOR STRICT LIABILITY FOR SUCH DEFECTS.

5    IN DETERMINING WHETHER A TRAIN WAS IN USE, COURTS

6  HAVE CONSIDERED, ONE, THE LOCATION OF THE TRAIN, AND TWO, THE

7  ACTIVITY OF THE INJURED PARTY AT THE TIME OF THE ACCIDENT,

8  DEANS, D-E-A-N-S, VERSUS CSX TRANSPORTATION, INC., 152 F.3d

9  326, AT 329, FOURTH CIRCUIT, 1998.

10    IT IS CLEAR THAT IF THE TRAIN IS ON THE MAIN LINE

11  TRACKS IN EN ROUTE TO ITS DESTINATION WHEN THE ACCIDENT

12  OCCURS IT IS "IN USE" FOR THE PURPOSES OF FSAA.

13    THE SUPREME COURT HAS STATED THAT A MOVING

14  LOCOMOTIVE WITH CARS ATTACHED IS WITHOUT THE PROVISION OF THE

15  ACT ONLY WHEN IT IS NOT A TRAIN, THUS WHEN THE OPERATION IS

16  THAT OF SWITCHING, CLASSIFYING, ASSEMBLING CARS WITHIN THE

17  RAILROAD YARDS FOR THE PURPOSES OF MAKING UP TRAINS, UNITED

18  STATES VERSUS SEABOARD AIRLINE RAILROAD COMPANY, 361 U.S. 78,

19  AT 81, 1959.

20    WHETHER A TRAIN IS "IN USE" AT THE TIME OF THE

21  ACCIDENT IS USUALLY A QUESTION OF LAW, CITING PHILLIPS, 190

22  F.3d, AT 288.

23    IN THIS CASE THE TRAIN WENT INTO AN EMERGENCY

24  STOP, IT WAS ROLLING DOWN THE MAIN LINE, AND IT TURNED OUT

25  THAT THIS WAS BECAUSE OF A FAILURE OF THE BRAKING APPARATUS

EXHIBIT 3

1   ON ONE OF THE CARS.

2          THE BRAKE FAILURE OCCURRED ON THE MAIN LINE, AS

3   OPPOSED TO IN THE MAINTENANCE FACILITY OR ON THE RUN-AROUND

4   TRACK.

5          THE FAILURE OCCURRED AT THE TIME THE TRAIN WAS

6   PROCEEDING TO ITS DESTINATION, IT WAS MOVING.

7          THE MOVING LOCOMOTIVE CLEARLY MADE IT A TRAIN THAT

8   WAS "IN USE" FOR THE PURPOSES OF FSAA, CITING UNITED STATES

9   VERSUS SEABOARD AIRLINE RAILROAD COMPANY, 361 U.S. 78, AT 81,

10  1959.

11         THE REAL ISSUE HERE, AS VERY ABLY ARGUED BY

12  COUNSEL, IS A CAUSATION, THAT IS WHETHER WHAT HAPPENED TO

13  MR. LIBRO WAS CAUSED BY THIS FAILURE OF THIS APPLIANCE.

14         SINCE THIS IS A FELA CASE, WE APPLIED A RELAXED

15  CAUSATION STANDARD OF FELA, THEREFORE, THE COURT FINDS THAT

16  MR. LIBRO CAN MEET THE CAUSATION ELEMENT IF THE BRAKE FAILURE

17  PLAYED ANY PART IN CAUSING HIS INJURY.

18         WILSON VERSUS UNION PACIFIC RAILROAD, 56 F.3d

19  1226, 1230, TENTH CIRCUIT, 1995, THE TEST APPEARS TO BE MET

20  IN THIS CASE.

21         THE CASE IS VERY MUCH LIKE THE WILSON CASE.

22         I THINK IT IS FROM MY VIEWPOINT AS LIKELY THAT THE

23  PERSON WOULD STEP IN A HOLE OR WOULD TRY TO DO SOMETHING ELSE

24  WITH REGARD TO THE FAILURE OF THE APPLIANCE, I DON'T SEE MUCH

25  DIFFERENCE BETWEEN MR. WILSON'S STEPPING IN THE HOLE AND

EXHIBIT 3

46

1  INJURING HIMSELF AS OPPOSED TO MR. LIBRO ADJUSTING THE

2  SWITCH, OR TRYING TO ADJUST THE SWITCH AS TO GET THE

3  MALFUNCTIONING CAR OFF THE MAIN LINE AND GET IT ON TO THE

4  RUN-AROUND.

5          IT'S A BUT FOR TYPE OF TEST, AND IT APPEARS TO THE

6  COURT THAT MR. LIBRO WOULD NOT HAVE BEEN INJURED BUT FOR THE

7  FAILURE OF THE APPLIANCE.

8          THAT IS NOT TO DISCOUNT THE ARGUMENTS OF COUNSEL,

9  WHICH ARE WELL MADE, AND THAT IS THERE ARE SOME LIMITS ON

10 WHAT CAN HAPPEN HERE, BUT IT DOES APPEAR THAT THE PLAINTIFF

11 WAS ENGAGED IN ACTIVITIES WHICH RELATED TO THE FAILURE OF THE

12 APPLIANCE, AND HAD NOT ENTERED ON TO OTHER ACTIVITIES.

13         IT DOES APPEAR TO BE WITHIN THE RISK CREATED BY

14 THE DEFECT.  THE CAR BRAKE FAILS AND SOMETHING HAS TO BE DONE

15 ABOUT IT, AND IT'S FORESEEABLE THEN THAT AN INJURY COULD

16 FOLLOW IF SOMETHING WAS BEING DONE ABOUT IT.

17         THEN WE TURN TO THE MORE DIFFICULT ISSUE PERHAPS,

18 MOST DIFFICULT ISSUE IN THE CASE, AND THAT IS THE ONE THAT

19 RELATES TO THE FELA CLAIM.

20         I'VE BEEN LOOKING AT THESE CASES FOR A NUMBER OF

21 YEARS, I'M SURE NOT AS LONG AS COUNSEL HAVE BEEN, BUT IT'S A

22 HARD CASE FOR THE RAILROAD TO WIN SUMMARY JUDGMENT ON AND

23 IT'S JUST BECAUSE THE DECK IS STACKED IN FAVOR OF THE

24 EMPLOYEE, THE WAY THE LAW IS WRITTEN, IT'S NOT NORMAL

25 NEGLIGENCE LAW AS WE KNOW IT.

EXHIBIT 3

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of Hildebrand, McLeod & Nelson, Inc.

On **September 5, 2003**, I served the following document:

**PLAINTIFF' S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION**

__X__    **(MAIL)**    I hereby certify that I mailed a true and correct copy of the above and foregoing document via U.S. Regular Mail, postage prepaid to the individual(s) and/or attorney(s) referenced below:

_____    **(FAX)**    I hereby certify that I sent via telephone facsimile communication, a true and correct copy of the foregoing document to the individual(s) and/or attorney(s) referenced below. A copy of the Transmittal Confirmation Report or comparable evidence of service shall be attached to or included within the original of this document if filed with the Clerk of the Court.

J. D. Sullivan, Esq.                                    (Co-counsel for Plaintiff)
SULLIVAN LAW OFFICES
1650 North Lucerne Street, Suite 201
Minden, NV 89423
Fax: 1-775-783-3439

Shawn B. Meador, Esq.                              (Counsel for Defendant)
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Post Office Box 2311
Reno, NV 89505
Fax: 1-775-688-3088

Christopher J. Raleigh, Esq.                       (Co-counsel for Defendant UPRR)
RALEIGH, HUNT, McGARRY, P.C.
112 East Garces Avenue, 2nd Floor
Las Vegas, NV 89101
Fax: 1-702-386-5990

DATED this **5th day of September, 2003**, at Oakland, California.

_____
TULOA SANCHEZ

HILDEBRAND, McLEOD & NELSON, INC.
ATTORNEYS AT LAW
WESTLAKE BUILDING
350 FRANK H. OGAWA PLAZA, FOURTH FLOOR
OAKLAND CALIFORNIA 94612-2006
(510) 451-6732