Christopher J. Raleigh, Esq.
Nevada Bar No. 1596
**RALEIGH, HUNT & MCGARRY, P.C.**
112 Garces Avenue, Second Floor
Las Vegas, Nevada 89101-6616
ph. (702) 386-4842; fax (702) 386-5990

Shawn B. Meador, Esq.
Nevada Bar No. 338
**WOODBURN AND WEDGE**
6100 Neil Road, Suite 500
Post Office Box 2311
Reno, Nevada 89505
ph. (775) 688-3000; fax (775) 688-3088

Attorneys for Defendant

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA
### RENO, NEVADA

DENNIS WAYNE LIBRO,           )
                              )
        Plaintiff,            )
                              )          Case No.: **CV-N-00-0603-ECR (RAM)**
        vs.                   )
                              )
UNION PACIFIC RAILROAD COMPANY, )
                              )
        Defendant.            )
_____ )

## DEFENDANT'S <u>REPLY</u> TO
## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
## PLAINTIFF'S SECOND CAUSE OF ACTION

Defendant, Union Pacific Railroad Company (hereinafter "Defendant" or "UPRR"), by

and through its attorney, Christopher J. Raleigh, Esq. of the law firm RALEIGH, HUNT &

MCGARRY, P.C., hereby submits its Reply to *Plaintiff's Opposition to Defendant's Motion to*

*Dismiss Plaintiff's Second Cause of Action* dated September 5, 2003 ("Opposition"). This

N:\Docs W\WPDOCS\CJR\UPRR LIBRO\PLEADING DISMISS STAT-LIMIT.RPLY.wpd

Reply is made and based upon the pleadings and papers on file herein, the following points and authorities, and the argument of counsel at any hearing of this matter.

Respectfully submitted this _11_ day of _September_, 2003.

RALEIGH, HUNT & McGARRY, P.C.

Christopher J. Raleigh, Esq.
Nevada Bar No. 1596
112 Garces Avenue, Second Floor
Las Vegas, Nevada 89101-6616
ph. 702-386-4842; fax 702-386-5990
Attorneys for Defendant

## POINTS & AUTHORITIES

### I.
### REPLY

1. **A jurisdictional issue is present here because Plaintiff's SAA claim did not arise from the conduct, transaction, or occurrence set forth in Plaintiff's original pleading.**

With citation to Fed.R.Civ.P. 15(c)(2), Plaintiff argues:

There is no statute of limitations issue here, because a fundamental rule of pleading is that, "An amendment of a pleading relates back to the date of the original pleading when ... the claim... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

See Opposition, 2:18-22. This fundamental rule, however, is not applicable here. The reason is simple, Plaintiff's original complaint only involved allegations UPRR "negligently ... caused to be placed, a spike in a track switch plaintiff was required to throw, without warning thereof...." See *Complaint for Damages*, at ¶ V.

Plaintiff's original *Complaint for Damages* contained one cause of action, i.e., violation

of the FELA. As partially addressed above, as follows in his original pleading, Plaintiff alleged:

> That on January 4, 1998, in Elko, Nevada, plaintiff was working in the course and scope of his employment; that plaintiff was engaged in the work duties of as a train conductor; that defendant owed to plaintiff the duties of exercising ordinary care to provide plaintiff with a reasonably safe place in which to work, to provide plaintiff with reasonably safe tools and equipment for the performance of said work and for the movement of trans onto secured side tracks, to inspect and maintain its track switches and to ensure said switches are in a proper and safe condition for switching; **that defendant, UNION PACIFIC RAILROAD COMPANY, a corporation, through its agents, servants, and employees, other than plaintiff, carelessly and negligently failed in its aforesaid duties in that it placed, or cause to be placed, a spike in a track switch plaintiff was required to throw, without any warning thereof; that consequently, as plaintiff three the switch it unexpectedly jerked to a stop before the throw was completed because of the placement of the spike, causing him to suddenly halt in mid-motion, thereby causing him to suffer the injures hereinafter set forth**.

Id., ¶ V, at 2:14-28 (bold emphasis added). The *Complaint for Damages* does not allege any SAA claim or even reference there was an alleged safety appliance defect. In fact, the Complaint is devoid of any such reference. The entire focus of the *Complaint for Damages* was on the switch and the spike allegedly left therein.

Simply put, the conduct, transaction, or occurrence set forth in Libro's original pleading involved the switch and spike, not an alleged SAA violation. Moreover, the original complaint did not place UPRR on notice of any SAA claim. Therefore, there is no basis to apply the fundamental rule Plaintiff touts. As a consequence, there is a jurisdictional defect with Plaintiff's SAA claim in that it was not initiated within three (3) years.

2. **Plaintiff's contention he did bring an SAA claim in his original pleading is not born-out by his actions.**

Plaintiff argues:

Moreover, plaintiff brought his action under the SAA in his original complaint on page1, at lines 21 and 22 (Exhibit 2), but neglected to set for the specific underlying facts of the claim.  The purpose of amending the complaint was to perfect the pleadings.  Defendant's claim that it only became aware of the SAA claim after the statutory period ran, is utterly specious.

See Opposition, 2:28 to 3:4.

The reference to the SAA in Plaintiff's original pleading is made solely in the "jurisdiction and venue" section, along with the contention the action is for "personal injuries and wrongful death."  Obviously, the case does not involve wrongful death.  No claim was alleged for wrongful death.  No claim was alleged for SAA violation, nor was it even hinted at, as is more fully addressed above.

Plaintiff's contention his amendment was merely to "perfect the pleadings" is not supported by the facts.  If Plaintiff truly believed he had a SAA claim from the outset, one would think he would have been developing his case accordingly, from the outset.  He did not.  In fact, it was only *after* he was granted leave to amend to assert an SAA clam did he begin to develop an SAA claim.  For instance, it was only after discovery was reopened after leave to amend was granted did Plaintiff name SAA liability experts.

Still further, the day after the incident, Plaintiff stated the cause of the incident was a "spike in switch plate next to switch points" and, as to what, if any, equipment or tools contributed to the incident, Libro stated "Switch leading into yd 23 trk. 471 west end had spike set loosely in hole on switch plate next to switch points."  See Libro's Report of Personal Injury or Illness completed January 5, 1998, at § II, ¶¶ 11-12.

S:\bok\W:WPDO#\S:CJR:UPRR:LIBRO:PLEADING-DISMISS-STAT-LIMIT-RPLY.wpd

Similarly, when asked at his deposition approximately forty-five (45) months after the incident, Libro again stated he didn't believe the incident was caused by unsafe tools[1] and he was not claiming the incident was caused by any unsafe equipment, other than the switch.[2] <u>See</u> Libro's 9/14/01 depo, pgs. 27-29. Libro went on to state, in his opinion, the incident was caused by nothing other than the fact that there was a spike somehow in the switch hole.[3] <u>Id.</u> He also said there were no other mechanical or procedural problems which lead to the incident.[4] <u>Id.</u> Therefore, even 45 months after the incident, Libro is claiming the spike/switch was the only cause of the incident. UPRR, accordingly, still had no reason to believe the case was anything other than a case about a spike and switch, especially based upon Libro's own statement, pleading, and deposition testimony.

It is clear Libro's reliance upon Fed.R.Civ.P. 15's relation back provision is misplaced. As a consequence, jurisdiction is lacking for the SAA claim as it was not initiated within three years of the January 4, 1998, incident. The SAA claim should, therefore, be dismissed.

---

[1]    Q.    Do you claim the accident was caused by any unsafe tool or tools?
       A.    No.

[2]    Q.    Do you claim the accident was caused by any unsafe equipment?
       A.    The switch.

[3]    Q.    Okay. In your opinion, was the accident caused by anything other than the fact that there was a spike somehow in the switch hole?
       A.    No, I believe I did everything properly.

[4]    Q.    Are there any other mechanical or procedural problems that you're aware of that led to your accident?
       A.    None other than it should have been that it was spiked and it should have been tagged and locked and I should have had forewarning of it in the track warrants.

**3.    The "law of the case" doctrine doesn't apply to this motion or the issue it raises.**

Plaintiff argues UPRR's Motion should be denied as it runs afoul of the "law of the case" doctrine.  See Opposition, 13-24.  Under that doctrine, a court is generally precluded from reconsidering an issue that has already been decided by the same court or a higher court in the same case. See United States v. Alexander, 106 F.3d 874, 876 (9th Cir.1997). The effect of the doctrine is not dispositive, particularly when a court is reconsidering its own judgment, for the law of the case "directs a court's discretion, it does not limit the tribunal's power." Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) See United States v. Maybusher, 735 F.2d 366, 370 (9th Cir.1984).

Here, the issue is whether Plaintiff complied with the substantial obligation to initiate his SAA claim within three (3) years of the January 4, 1998, incident.  Plaintiff fails to cite any Order addressing such an issue.  The reason is simple: there is no such Order.  As a consequence, for this fundamental reason, the "law of the case" doctrine is inapplicable here.

**4.    Whether the Court found sufficient issues of material fact for the jury as to both the FELA and SAA claims is irrelevant to the present motion.**

Plaintiff argues "[o]n February 21, 2003, the Court found there were sufficient issues of material facts for the jury as to, both, the FELA and SAA claims." See Opposition, 4:24-26. Such a finding goes to the propriety of summary judgment.  It has no impact upon whether Plaintiff's SAA claim was timely commenced. Therefore, this argument is inapplicable in the context of UPRR's current motion seeking dismissal of the SAA claim on jurisdictional grounds.

**5.   UPRR's Motion is timely.**

Plaintiff argues the deadline to file dispositive motions was May 23, 2002, and, as a consequence, the present motion should be denied. See Opposition, 5:3-6. The present motion, however, goes to the issue of jurisdiction.[5] It is provided in Rule 12(h) that a motion to dismiss for lack of jurisdiction may be made at any time. Corcoran v. Royal Development Co., 35 F.Supp. 400 (D.C.N.Y. 1940), affirmed, 121 F.2d 957 (2nd Cir. 1941); Louisville & N.R. Co. v. United States, 106 F.Supp. 999 (D. Ky. 1952), affirmed, 221 F.2d 698 (6th Cir. 1955).

Jurisdiction can be raised at any time, even on appeal. Therefore, the Motion is not untimely.

## II.
## CONCLUSION

The Court has already found Libro's original complaint only brought a claim under the FELA, not a SAA claim. The SAA claim was not commenced within the three (3) year statutorily required time. The SAA claim does not relate to the same conduct or occurrence as the FELA claim and does not relate back to Plaintiff's original filing. UPRR was not on notice of Libro's SAA claim until after the running of the statute of limitation. Therefore, Libro's SAA claim should be dismissed. See 45 U.S.C. § 56; Fed.R.Civ.P. 12(h)(3).

---

[5]In an action under the FELA, commencement of the action within the statute of limitations is a condition precedent to recovery rather than an affirmative defense. Billman v. Missouri Pacific R. Co., 825 S.W.2d 525 (Tex. App. - Ft. Worth 1992), writ denied. A defendant is entitled to the benefit of the limitation fixed by 45 U.S.C. § 56 without pleading it. Peterson v. Union Pac. Co., 8 P.2d 627 (Utah 1932).

S:\text W\PD\S\'N'\OR UPRR LIBRO PLEADING DISMISS-STAT-LIMIT-RPLY.wpd

Respectfully submitted this _11th_ day of _September_, 2003.

RALEIGH, HUNT & McGARRY, P.C.

Christopher J. Raleigh, Esq.
Nevada Bar No.1596
112 Garces Avenue, Second Floor
Las Vegas, Nevada 89101-6616
ph. (702) 386-4842; fax (702) 386-5990
Attorneys for Defendant

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that on the _11th_ day of _September_ 2003, I served a true copy of the above and foregoing DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION by causing same to be deposited in the United States Mail, at Las Vegas, Nevada, in a sealed envelope, first class postage thereon fully prepaid, addressed as follows:

Anthony S. Petru, Esq.
Hildebrand, McLeod & Nelson, Inc.
Westlake Building
350 Frank H. Ogawa Plaza, Fourth Floor
Oakland, California 94612-2006

J.D. Sullivan, Esq.
Sullivan Law Offices
1650 North Lucerne Street, Suite 201
Minden, NV 89423

Employee of RALEIGH, HUNT & McGARRY, P.C.

S:\aw\WPDOCS\CJR\TPRR\HRO\PLEADING\DISMISS\STAT-LIMIT-RPLY.wpd