FILED

03 SEP 22 PM 3:44

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | |
|---|---|
| DENNIS WAYNE LIBRO, | CV-N-00-0603-ECR(RAM) |
| vs. | MINUTES OF THE COURT |
| UNION PACIFIC RAILROAD COMPANY, a corporation. | DATE: SEPTEMBER 22, 2003 |

PRESENT: _____EDWARD C. REED, JR._____                              U. S. DISTRICT JUDGE

Deputy Clerk: _____NANCY GIRAUD_____   Reporter: _____NONE APPEARING_____

Counsel for Plaintiff(s) _____ NONE APPEARING

Counsel for Defendant(s) _____ NONE APPEARING

## MINUTE ORDER IN CHAMBERS

     We now consider defendant's Motion to Dismiss Plaintiff's Second Cause of Action (#52) filed on August 25, 2003.

     In an action brought under the Federal Employers' Liability Act ("FELA"), compliance with the three-year statute of limitations is a condition precedent to an injured employee's recovery. Frasure v. Union Pac. R.R. Co., 782 F. Supp. 477, 479 (C.D. Cal. 1991). "[T]he failure to commence the action within three years from the date of its accrual bars the plaintiff's remedy and destroys the defendant's liability as well." William v. S. Pac. Transp. Co., 813 F. Supp. 1227, 1231 (S.D. Miss. 1992). Unlike other cases, in a FELA action it is the plaintiff's burden to prove that the action was commenced within the three-year period. Id.

     Nonetheless, the statute of limitations issue does not implicate our jurisdiction to entertain plaintiff's Safety Appliance Act claim. Consequently, defendant's motion to dismiss does not raise a proper challenge to our jurisdiction, and is untimely.

     We note, however, that at trial plaintiff will be required to prove that his claims were commenced within the applicable three-year limitation period.

U.S. DISTRICT COURT
DISTRICT OF NEVADA
ENTERED & SERVED

SEP 2 2 2003

CLERK, U.S. DISTRICT
BY

**IT IS, THEREFORE, HEREBY ORDERED** that defendant's Motion to Dismiss Plaintiff's Second Cause of Action (#52) is **DENIED**.

LANCE S. WILSON, CLERK

By _____
   Deputy Clerk